[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11105
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00196-CR-ORL-22-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JARVIS DAMON ARMSTRONG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 11, 2009)

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Jarvis Armstrong appeals his conviction for possessing with intent to

distribute five grams or more of cocaine base. 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii). Armstrong argues that the government failed to prove he sold an illegal substance or that the substance was crack cocaine. We affirm.

We review de novo the denial of a judgment of acquittal, and we construe the evidence in the light most favorable to the government. United States v. Browne, 505 F.3d 1229, 1253 (11th Cir. 2007). To sustain a conviction under section 841, the government must prove that "the defendant possessed a controlled substance knowingly and . . . with the intent to distribute it." United States v. Baker, 432 F.3d 1189, 1233 (11th Cir. 2005). "[B]ecause the specific amount and type of drugs are not elements of the offense, the government's failure to prove the amount or type charged in the indictment does not merit reversal." Id.; see United States v. Adams, 1 F.3d 1566, 1582–83 (11th Cir. 1993).

The district court did not err by denying Armstrong's motion for a judgment of acquittal. An undercover agent, James McGriff, and a confidential informant testified consistently that McGriff negotiated to purchase and, by all appearances, purchased from Armstrong cocaine. The jury was entitled to credit their testimonies. Armstrong also argues that the government failed to prove he sold crack cocaine, but this alleged failure does not affect his conviction. "A violation of section 841(a)(1) occurs when the government proves beyond a reasonable

2

doubt that a defendant possessed and intended to distribute a 'controlled substance,' regardless of whether that substance is cocaine or cocaine base[,]" United States v. Williams, 876 F.2d 1521, 1525 (11th Cir. 1989), and Armstrong "concedes that the government proved that the controlled substance was, in fact, cocaine base."

Armstrong's conviction is **AFFIRMED.**